

# THE ATTORNEY GENERAL

# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

August 20, 1969

Honorable Gordon H. Lloyd
Executive Secretary
Board of Trustees
Employees Retirement System of Texas
Capitol Station
Austin, Texas 78711

Opinion No. M-450

Re: Constitutionality of
allowing credit time
for certain Military
Service under Art.
6228a, V.C.S., per-
formed prior to state
employment (H.B. 1065,
Chap. 814, page 2433,
Acts of 61st Leg.,
1969).

Dear Mr. Lloyd:

On September 1, 1969, House Bill No. 1065, Chapter 814,
Acts of the 61st Legislature, Regular Session, page 2433, will
become a law. Your Board of Trustees of the Employees Retire-
ment System of Texas has requested an opinion concerning the
constitutionality and application of House Bill 1065.

From consideration of the above request, you desire the
answer to two questions:

1. Whether it is constitutional for the Legis-
lature to provide that members of the Em-
ployees Retirement System receive credit
for retirement service, for time spent as
a member of the military service, during
the time the United States was or is in-
volved in organized conflict, whether in
a state of war or a police action involv-
ing conflict with foreign forces, or for
reason of crisis within this country.

-2235-

2.  What members of the Employees Retirement
    System are excluded from receiving credit
    for military service under House Bill No.
    1065?

In answer to your first question, we hold that it is
constitutional for the Legislature to provide that members of
the Employees Retirement System receive credit for retire-
ment service, for time spent as a member of the military ser-
vice, as set forth in House Bill 1065.

Article XVI, Section 62, Texas Constitution (adopted
Nov. 8, 1966) reads, in part, as follows:

"(a)  The Legislature shall have the authority
to levy taxes to provide a State Retirement,
Disability and Death Compensation Fund for
the officers and employees of the State, and
may make such reasonable inclusions, or classi-
fications of officers and employees of this
State as it deems advisable."

House Bill 1065 is a reasonable inclusion of a class
of state employees or officials who have served their state
and nation in the military service prior to being employed by
the state.

We hold that the Legislature may legally allow credit
to members of the Employees Retirement System for prior mili-
tary service because it serves a beneficent and useful govern-
mental function and stimulates and rewards faithful public
service. See reasoning in Attorney General's Opinions M-138
(1967), M-408 (1969), and M-413 (1969). Furthermore, the
Legislature in House Bill 1065 found that such Bill, in pro-
viding credit for prior military service was for a public pur-
pose, as it stated in the Emergency Clause "that the provi-
sions of this Act will provide the State with more experienced
personnel and will induce continued service to the State,..."
As is outlined in the above cited Attorney General's opinions,
a statute such as H.B. 1065, serves a beneficent and useful
governmental function in its propensity for stimulating and
rewarding faithful public services. As stated above, the
Legislature found that said Bill was for a public purpose. The
determination of public purpose is primarily a legislative
function and will not be reversed unless manifestly arbitrary.

The fact that individuals are benefited from funds expended therefor is immaterial. See Attorney General Opinions Nos. M-391 (1969) and C-530 (1965). Thus prospectively applied, the Act is not in violation of Article I, Section 16 or Sections 44, 51, or 53 of Article III, Constitution of Texas. It does not involve a gift for private or individual purposes. A similar statutory amendment providing for such military service credit for teachers retirement was enacted in 1961 (Article 2922-1, Section 4, Vernon's Civil Statutes) and has been allowed by the Trustees of the Teachers Retirement System since that time.

In view of the settled rule that all doubts as to constitutionality are resolved in favor of the statute, we conclude that it is constitutional. 53 Tex. Jur.2d 277, Statutes, Sec. 184.

As to the second question of what members of the Employees Retirement System are excluded from receiving credit for military service, Section 2, of H.B. 1065, supra, subsection (c) reads as follows:

"(c) Notwithstanding any other provision herein, no person, otherwise eligible for credit for military service herein, shall be eligible to such credit if such person shall be receiving or hereafter receives any military retirement provided by any federal law or regulation or federal retirement act, for at least 20 years active duty." (Emphasis added.)

Those members of the Employees Retirement System who receive or hereafter receive any military retirement from the Federal Government, for at least 20 years active duty as a member of the Armed Forces of the United States (as distinguished from the members of the Reserve Forces of the United States or National Guard) are excluded from receiving credit for military service, and this exclusion is a reasonable exclusion under the provisions of Article XVI, Section 62, Texas Constitution. Our reasoning as to this conclusion is based on the use of the words "for at least 20 years active duty" in subsection (c) of H.B. 1065. "Active duty" connotes full-time service as a professional member of the military forces of the

Federal Government, while service in a Reserve or National Guard component involves only limited active duty periods during summer camps, service schools, drill days and similar periods of active duty training. 10 U.S.C.A. 1333. Under H.B. 1065, persons who have been or are relieved from active duty by a dishonorable discharge are also excluded from receiving credit for military service.

## SUMMARY

H.B. 1065, Chapter 814, page 2433, Acts of the Regular Session, 61st Leg., 1969, is constitutional, and allows credit for retirement service for military service prior to state employment, for members of the Employees Retirement System of the State of Texas. This statute validly permits members of the Employees Retirement System to receive credit for retirement service for service in the military forces as set forth in H.B. 1065. Those members of the Employees Retirement System who receive or hereafter receive any military retirement from the Federal Government, for at least 20 years active duty as a member of the Armed Forces of the United States (as distinguished from the members of the Reserve Forces of the United States or National Guard) are excluded from receiving credit for military service. Under H.B. 1065, persons who have been or are relieved from active military duty by a dishonorable discharge are also excluded from receiving credit for military service.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger Tyler
Assistant Attorney General

Hon. Gordon H. Lloyd, page 5 (M-450)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Houghton Brownlee
Harold Kennedy
Neil Williams
Louis Neumann

W. V. GEPPERT
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant